## AFFIDAVIT

I, Mattheu Kelsch, having been duly sworn, on oath depose and state that:

1.  I am a Special Agent assigned to the Boston Field Office of the U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been so employed since 2001. As an ATF Special Agent, I am responsible among other things for conducting investigations relating to the violation of federal firearms, arson and explosive laws, and have participated in numerous arson investigations.

2.  I am aware based on my training and experience that Title 18, United States Code, Section 844(i) makes it a federal offense for anyone to maliciously damage or destroy, or attempt to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce. Having so stated, I make this affidavit in support of a complaint charging an individual named Jose Muniz, a/k/a George Marchante (MUNIZ), with arson in violation of 18 U.S.C. §§844(i) and 2, on June 12 and December 30, 2001.

3.  The statements contained in this affidavit are based on my own investigation and on information provided to me by other ATF agents and local and state law enforcement officials. In submitting this affidavit, however, I have not included each and

every fact known to me about the investigation, but only those facts that I believe are sufficient to establish probable cause to believe that MUNIZ has committed arson in violation of the statutes.

4. I and others have been involved in an ongoing investigation regarding several suspicious fires which occurred at certain businesses in Chelsea, Massachusetts over an approximate 27 month period. In March of 2001, an individual named Todd F. Leccese opened a furniture and bargain goods store called TL's Discouont at 320 Broadway. Subsequently, between April 4, 2001, and July 23, 2003, four different commercial businesses located within two blocks of Leccese's store suffered at least eleven attempted or actual fires. The affected businesses include Doug's Bargains on Broadway, at 430 Broadway, and then again after it moved to 472 Broadway, Doug's Jewelry Store at 411 Broadway, New England Discount Center Furniture at 306 Broadway, and Slaton's Furniture Jewelry and Appliances (Slaton's) at 286-294 Broadway. In addition to their proximity to TL's Discount, each of the businesses sold furniture or bargain goods or jewelry and thus competed with Leccese's store.

5. This complaint concerns two fires that occurred at Doug's Jewelry Store at 411 Broadway on June 12 and December 30, 2001. The property at 411 Broadway is a three story building. The jewelry store was on the first floor and the second and third

floors consisted of unoccupied apartments.

6. On June 12, 2001, at approximately 11:40 p.m., the Chelsea Fire Department (CFD) responded to a building fire at 411 Broadway. Lieutenant James Birmingham of the CFD Investigation Unit and Massachusetts State Police Trooper Paul Horgan conducted a cause and origin investigation. They found that a rooftop door giving access to the third floor apartment was unlocked. From burn patterns and other evidence, they determined that the fire began in the third floor apartment bathroom. An analysis of samples from the area of origin of the fire revealed the presence of a gasoline residue, suggesting that someone had poured and then ignited gasoline in the bathroom. As a result of their investigation, Lt. Birmingham and Trooper Horgan concluded that the fire, which resulted in approximately $55,000.00 in damage, had been deliberately set.

7. On December 30, 2001, approximately six months later, the CFD responded to a second fire at Doug's Jewelry Store. CFD Captain John O' Driscoll and Trooper Paul Horgan conducted the cause and origin investigation and determined that the fire began in a rear bedroom in the second floor apartment. They observed that one of the cardboard coverings which had been applied to the windows following the first fire appeared to have been pried open. As with the first fire, an analysis of samples taken from the room revealed a presence of a gasoline residue, strongly

suggesting that someone had poured and ignited the liquid in the room. The officials accordingly concluded that the fire, which resulted in a loss of approximately $55,000 to 411 Broadway and an additional $20,000 in damage to the neighboring building, had been deliberately set.

8. Following these and the other fires described above, I and others connected to the investigation interviewed several individuals, including Todd Leccese. Although Leccese initially denied any involvement in any of the fires, he eventually admitted that he was responsible for the fires. Leccese stated that he did not commit the fires himself but he hired others to set them for him. With respect to the fires at Doug's Jewelry Store, Leccese stated that he hired MUNIZ to set the fires for him. Leccese stated that he was introduced to MUNIZ through a middleman, and paid him approximately $600.00 to $800.00 for each fire. Leccese stated that he instructed MUNIZ to set the second fire because the jewelry store still remained open following the first fire. I am aware that on January 6, 2005, Leccese pled guilty in federal court to an Information charging him with three counts of arson, in the matter of <u>United States v. Todd F. Leccese</u>, Cr. No. 04-10366-MLW. I am further aware that Count One of the Information relates to the December 30, 2001 fire at Doug's Jewelry Store.

9. I and others have also interviewed a cooperating

4

witness (CW) who stated that s/he was the person who introduced MUNIZ to Leccese. The CW stated that Leccese asked him/her to locate someone who would be willing to set fires to buildings on Leccese's behalf. The CW stated that s/he then located MUNIZ and introduced MUNIZ to Leccese. The CW stated that s/he observed MUNIZ speaking with Leccese at Lecesse's discount store within a day or so following each of the fires at Doug's Jewelry Store. The CW further stated that Leccese came to him/her at some point in the future after the fires at Doug's Jewelry Store and stated that he did not want to use MUNIZ as a "torch" anymore because MUNIZ was continually demanding money and goods from Leccese.

10. Based on the foregoing, I have probable cause to believe that JOSE MUNIZ, a/k/a George Marchante, damaged or attempted to damage, by means of fire, Doug's Jewelry Store on June 12, 2001 and December 30, 2001, in violation of 18 U.S.C. §§844(i) and 2.

MATTHEU KELSCH
Special Agent, ATF

Sworn and subscribed to before me this 10 day of May, 2005

@ 2:10 PM

MARIANNE B. BOWLER
U.S. Magistrate Judge